IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BILLIE JOE KLINGER,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.: 3:19-cv-1909 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Billie Joe Klinger, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.  The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2) because that is where Defendant is domiciled and where the Plan is and was administered.

## PARTIES

4. Plaintiff, Billie Joe Klinger, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Lancaster County, Pennsylvania.

5. Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is an insurance company domiciled and authorized to transact the business of insurance in this State, and may be served with process under the laws of this State by use of a third-party process server to personally serve any of the individuals listed under Connecticut General Statute §52-57(c).

6. Defendant Hartford is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GLT-398397, issued by Hartford to Hannover Healthcare Plus, Inc.

## FACTS

7. Prior to her disability, Plaintiff was employed by Hannover Healthcare Plus, Inc., as a Registered Nurse.

8. Hanonver Healthcare Plus, Inc. offers a group long-term disability insurance as an employee benefit pursuant to the LTD Plan.

9. Plaintiff is a participant of the LTD Plan.

10. Benefits under the LTD Plan are insured by Group Policy No. GLT-398397.

11. Plaintiff ceased work due to a disability on June 1, 2013, while covered under the Plan.

12. Plaintiff's disability results from her severe degenerative disc disease as well as a complicated medical history of repeated work-related injurites as well as her reciept of multiple spinal fusion surgeries in both the lumbar and cervical spine.

13. Due to her substantial history of spinal issues and surgeries, Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

14. Plaintiff filed an application for LTD benefits under the Plan.

15. By letter dated November 18, 2013, Hartford approved Plaintiff's LTD claim, and awarded her monthly benefits in the amount of $2,989.95.

16. Thereafter, Plaintiff received LTD benefits for the period between November 18, 2013 through November 30, 2018.

17. Concurrently, Plaintiff applied for Social Security Disability Benefits and was approved based on a finding by the Social Security Administration that she is disabled from performing any occupation as of November, 2013.

18. By letter dated November 30, 2018, Hartford terminated Plaintiff's LTD claim.

19. Prior to retaining counsel, Plaintiff appealed the denial of her LTD benefits by letter dated January 15, 2019.

20. By letter dated March 6, 2019, Hartford denied that appeal, and stated that its decision was final.

21. Plaintiff has exhausted her administrative remedies under the LTD Plan.

22. Hartford would pay any LTD benefits due out of its own funds.

23. Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

24. Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

25. Hartford allowed its concern over its own funds to influence its decision-making.

26. Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

27. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

28. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

29. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

30. The decisions to deny benefits were wrong under the terms of the Plan.

31. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

32. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

33. The decisions to deny benefits were not supported by substantial evidence in the record.

34. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

35. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 4th day of December, 2019.

        Respectfully submitted,

        ERIC BUCHANAN & ASSOCIATES, PLLC
        ATTORNEYS FOR PLAINTIFF


      BY: */s/ Hudson Ellis*
         Hudson Ellis (Tenn. Bar #28330)
         414 McCallie Avenue
         Chattanooga  TN  37402
         (423) 634-2506
         FAX:  (423) 634-2505
         ellish@buchanandisability.com